IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, ) | Cause No. CR 12-22-BLG-JDS |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | **MEMORANDUM OPINION** |
| ) | |
| **DESTRI TIMOTHY WILKS,** ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## INTRODUCTION

Defendant Destri Timothy Wilks (Wilks) moved the Court to suppress certain evidence surrounding a traffic stop. On June 5, 2012, the Court held a hearing on Wilks' Motion. The Court heard testimony from Stillwater County Sheriff's Deputy Randy Smith (Deputy Smith) and Game Warden Paul Luepke (Warden Luepke). After hearing testimony, the Court denied Wilks' Motion.

## FACTUAL BACKGROUND

Warden Luepke received a report of three people (two males and a female) hunting on private property on November 16, 2011 at 4:50 p.m. The call was placed by a 14 year old who said three people had shot and field dressed deer on private property. The caller described the vehicle as a, "whitish old Subaru car." Warden

Luepke called on the Stillwater County Sheriff for assistance in stopping the car.

At 5:05 p.m., Deputy Smith stopped a white Subaru on Primary 78 near the Columbus Bridge because the vehicle matched the description. The driver of the vehicle was Wilks. Deputy Smith observed a gun case between the passenger and driver in plain sight. Deputy Smith testified that Wilks initially made an unsolicited statement that he had shot the deer and the gun was unloaded. Deputy Smith called Wilks' state probation officer, Steve Hurd, who requested that Wilks be arrested.

After his arrest, Wilks was transported to the Stillwater County Sheriffs' Department, given a *Miranda* warning, and made no further statements.

## DISCUSSION

Wilks argues that the initial stop lacked "particularized suspicion," which constitutes an unreasonable search and seizure under the Fourth Amendment. Specifically, Wilks argues that the description by a juvenile of a "whitish" Subaru in heavy traffic conditions was insufficient to initiate the stop. Wilks claims Deputy Smith knew he was on probation which compelled the stop. Further, Wilks argues that all pre-*Miranda* statements made by him should be suppressed.

## CONCLUSION

The Court finds the testimony of the law enforcement officers credible. The description of a "whitish" Subarau in that geographic location with three passengers is sufficient particularized suspicion to warrant the stop by Deputy Smith. Deputy

Smith's subjective knowledge of Wilks is of no consequence. Any statements made by Wilks on the roadside appear voluntary and non-custodial which do not require *Miranda* warnings. See *U.S. v. Washington*, 462 F.3d 1124, 1132 (9th Cir. 2006) (holding that voluntary statements are not considered a "product of interrogation" requiring a *Miranda* warning).

As stated in open Court, and for good cause appearing,

IT IS HEREBY ORDERED that Defendant's Motion (*Doc. #13*) is DENIED.

DATED this 12th day of June, 2012.

/s/ Jack D. Shanstrom
JACK D. SHANSTROM
SENIOR U.S. DISTRICT JUDGE